[Civ. No. 47247. Second Dist., Div. One. Apr. 9, 1976.]

PACIFIC EXPORT PACKERS et al., Plaintiffs and Respondents, v. CHUBB/PACIFIC INDEMNITY GROUP, Defendant and Appellant.

**COUNSEL**

Brill, Hunt, DeBuys & Burby, Michael T. Fox, Ellis J. Horvitz and Arthur E. Schwimmer for Defendant and Appellant.

Stockdale, Peckham, Estes, Ramsey, Lawler & Iorillo and Byron J. Lawler for Plaintiffs and Respondents.

**OPINION**

**LILLIE, J.**—Defendant Chubb/Pacific Indemnity Group appeals from judgment entered in a declaratory relief action ordering it as the primary insurer to defend and indemnify plaintiff Pacific Export Packers to the extent of the policy in an action for personal injuries brought against Pacific Export Packers by Gerald Crucius, and recovery of moneys expended by plaintiff Ohio Casualty Insurance Company, insurer of Pacific Export Packers, in the defense of the latter in said action.

The following facts were established by stipulation. An employee of Pacific Export Packers, a manufacturer of wooden frames, drove one of its trucks onto the premises of Preco Inc. to deliver frames Preco had purchased; Preco employees instructed the driver where to park, and set up a forklift to unload the frames; in the process of lifting them from the truck bed, one of the frames became entangled with a stake on the side of the truck; Gerald Crucius, an employee of Preco, signaled the driver to stop, and he did so; Crucius and the driver then climbed onto the bed of the truck; the frames began to slip off of the forks in the direction of Crucius and the driver both of whom jumped, but Crucius was struck by a frame and injured.

Crucius sued Pacific Export Packers for damages alleging Pacific's negligence in loading the truck thereby causing personal injuries to him during unloading.

Pacific Export Packers was insured under a motor vehicle liability insurance policy issued by Ohio Casualty Insurance Company. It is undisputed that the Ohio policy provides coverage to Pacific for its alleged liability to Crucius; and Ohio undertook the defense of Pacific in that case. Preco Inc. was insured by Chubb/Pacific Indemnity Group which issued a premises liability policy on Preco premises. Preco Inc. also was insured by Argonaut Insurance Company which issued to it a policy of workman's compensation and employer's liability insurance.

After timely notice and written demand by Pacific Export Packers and Ohio Casualty Insurance Company to Chubb/Pacific Indemnity Group to defend Pacific Export Packers in the action brought by Crucius, Chubb/Pacific Indemnity Group rejected the demand resulting in the within action for declaratory relief.

■ The cause was submitted to the trial court on stipulated facts, documentary evidence and argument of counsel. Where no extrinsic evidence was introduced at trial to aid in the construction of the policy such construction is a question of law; thus, on review of the judgment we are free to make an independent determination. (*Argonaut Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 496, 502 [99 Cal.Rptr. 617, 492 P.2d 673].)

The trial court found that the Chubb/Pacific Indemnity Group policy "is applicable to the loss described herein and covers the premises of Preco Inc. where the loss occurred," and that "Pacific Export Packers is covered as an additional assured under the policy issued by Chubb/Pa-

cific Indemnity Group"; and concluded that Chubb/Pacific Indemnity Group has the primary duty to defend and afford coverage to Pacific Export Packers. The foregoing findings and conclusion could be reached only by an invocation of section 11580.9, subdivision (c), of the Insurance Code.

To limit the endless controversies arising "where there is more than one policy applicable to a particular loss" (*Government Employees Ins. Co.* v. *Carrier Ins. Co.,* 45 Cal.App.3d 223, 226-227 [119 Cal.Rptr. 116]), the Legislature in 1970 adopted statutory rules, i.e., Insurance Code, sections 11580.8[1] and 11580.9, subdivision (c).[2] (*Travelers Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 514, 517 fn. 3 [99 Cal.Rptr. 627, 492 P.2d 683]; *Argonaut Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 496, 507, fn. 3 [99 Cal.Rptr. 617, 492 P.2d 673]; *Indemnity Ins. Co.* v. *Pacific Clay Products Co.,* 13 Cal.App.3d 304, 312 [91 Cal.Rptr. 452].) ■ As stated by the Supreme Court in *Travelers Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 514, 517, fn. 3 [99 Cal.Rptr. 627, 492 P.2d 683]: "section 11580.9 . . . prescribes the priorities of policies applicable to a loss

[1] Section 11580.8, Insurance Code, provides:

"The Legislature declares it to be the public policy of this state to avoid so far as possible conflicts and litigation, with resulting court congestion, between and among injured parties, insureds, and insurers concerning which, among various policies of liability insurance and the various coverages therein, are responsible as primary, excess, or sole coverage, and to what extent, under the circumstances of any given event involving death or injury to persons or property caused by the operation or use of a motor vehicle.

"The Legislature further declares it to be the public policy of this state that Section 11580.9 of the Insurance Code expresses the total public policy of this state respecting the order in which two or more of such liability insurance policies covering the same loss shall apply, and such public policy is not to be changed or modified by any provision of the Vehicle Code except in those express cases where the requirements of Article 2 (commencing with Section 16450) of Chapter 3 of Division 7 of the Vehicle Code apply with regard to a policy of liability insurance certified as provided in Section 16431 of the Vehicle Code."

[2] Section 11580.9, Insurance Code, in pertinent part provides: "(c) Where two or more policies are applicable to the same loss arising out of the loading or unloading of a motor vehicle, and one or more of the policies is issued to the owner, tenant, or lessee of the premises on which the loading or unloading occurs, it shall be conclusively presumed that the insurance afforded by the policy covering the motor vehicle shall not be primary notwithstanding anything to the contrary in any endorsement required by law to be placed on such policy, but shall be excess over all other valid and collectible insurance applicable to the same loss with limits at least equal to the financial responsibility requirements specified in Section 16056 of the Vehicle Code; and, in such event, the two or more policies shall not be construed as providing concurrent coverage, and only the insurance afforded by the policy or policies covering the premises on which the loading or unloading occurs shall be primary and such policy or policies shall cover as an additional insured with respect to the loading or unloading operations all employees of such owner, tenant or lessee while acting in the course and scope of their employment."

arising out of the loading or unloading of a motor vehicle. Under that section, the insurance covering the premises on which the loading or unloading occurs is primary, and there is a conclusive presumption that the policy covering the motor vehicle is not primary, notwithstanding anything to the contrary in any endorsement required by law to be placed on such policy."

■ The clear language of sections 11580.8 and 11580.9, subdivision (c), Insurance Code, limits application of the statutory order of priority set up therein to liability insurance policies "covering the same loss" (§ 11580.8) and "applicable to the same loss arising out of the loading or unloading of a motor vehicle" (§ 11580.9, subd. (c)). Thus, in order to invoke the provisions of section 11580.9, subdivision (c), to determine priority, the policies must cover the same loss. ■ In the case at bench only one policy of the two at issue affords coverage for the particular loss arising out of the loading or unloading of the Pacific Export truck, and that is the Ohio Casualty Insurance Company policy; thus the order of priority provided in section 11580.9, subdivision (c), does not become effective, and Ohio Casualty, the insurer whose policy applies to the loss, must afford the defense and coverage in the Crucius action.

It was stipulated that the motor vehicle liability policy written by plaintiff Ohio Casualty Insurance Company affords coverage to Pacific Export Packers for the loss arising out of the loading or unloading of the truck; also it was stipulated that the premises liability policy issued by defendant Chubb/Pacific Indemnity Group to Preco Inc. covers the Preco premises. But the Chubb/Pacific Indemnity Group policy does not cover the "same loss" as is covered by the Ohio Casualty Insurance Company policy—it does not cover the particular loss arising out of the injury sustained by one of Preco's employees in the unloading of the Pacific Export Packers' truck on the Preco premises while acting in the scope of his employment for Preco. Coverage for this particular loss is expressly excluded[3] by the terms of the policy written by Chubb/Pacific Indemnity Group, but is afforded to Preco by its workmen's compensa-

---

[3]"EXCLUSIONS: This bodily injury liability—property damage liability insurance does not apply:

". . . . . . . . . . . . . . .

"(f) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"(g) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; . . ."

tion policy issued by Argonaut Insurance Company.[4] We conclude that the Chubb/Pacific Indemnity Group policy does not cover and is not applicable to the loss even though it occurred on the insured premises, because the policy excludes coverage where there is coverage under the workmen's compensation policy.

The conflict concerning which *applicable* policy is primary, which the Legislature intended to resolve by adopting sections 11580.8 and 11580.9, subdivision (c), simply does not here exist. The controversies over priority that these statutes were designed to prevent arose out of factual situations in which the driver of the truck was injured on the premises on which the loading or unloading occurred. A suit by the driver against the owner, tenant or lessee of the premises and/or its employees for negligence invariably raised the issue as to which policy covering the same loss was primary—that policy covering the premises or the motor vehicle liability policy covering the truck (employees of the owner of the premises unloading the truck are permissive users of that truck and would be additional insureds under the motor vehicle liability policy). (See *Travelers Ins. Co.* v. *Transport Indem. Co.*, 6 Cal.3d 514, 515 [99 Cal.Rptr. 627, 492 P.2d 683]; *Argonaut Ins. Co.* v. *Transport Indem. Co.*, 6 Cal.3d 496, 500 [99 Cal.Rptr. 617, 492 P.2d 673].) A review of numerous California cases arising out of such situations reveals none in which the person injured was the employee of the owner, tenant or lessee of the premises on which the loading or unloading occurred. Of interest in this connection is the observation of the Supreme Court in *International Business Machines Corp.* v. *Truck Ins. Exch.*, 2 Cal.3d 1026 at page 1032 [89 Cal.Rptr. 615, 474 P.2d 431]: "Moreover, the injured person in these cases is almost always an employee of the trucker, acting within the course of his employment, and thus entitled to workmen's compensation for his injuries as well as to his tort action against the negligent shipper." Now, section 11580.9, subdivision (c), clearly determines the respective responsibilities of the two insurers—the policy of the owner, tenant or lessee of the premises on which the loading or unloading occurred is primary, and the insurer of the truck is the excess carrier; and as primary, the former must provide the owner of the premises with a defense and afford coverage.

Nor can Pacific Export Packers be deemed an insured under the Chubb/Pacific policy. Plaintiffs conceded in the trial court that "Pacific

---

[4]Crucius' sole remedy against Preco or any of its employees is under the workmen's compensation policy (§ 6301, Lab. Code).

Export Packers is not a named assured and is not an additional assured under the terms of the written policy" of insurance issued to Preco Inc. by defendant Chubb/Pacific Indemnity Group. Moreover, the Chubb/Pacific policy by its terms limits the "person insured"[5] to Preco Inc. (the named insured) and its executive officers, directors and stockholders. Chubb/Pacific Indemnity Group having written its policy to limit its coverage, the limitation in the provisions of the policy must be respected. (*Argonaut Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 496, 508 [99 Cal.Rptr. 617, 492 P.2d 673].) ■ Respondent submits that "Since [under § 11580.9, subd. (c)] motor vehicle insurance is presumed to be secondarily liable for losses occurring on the premises during the loading of a vehicle, Insurance Code section 11580.9(c) logically expands the class of insureds under the premises liability insurance policy to include Pacific Export Packers even though not specifically named in the policy." This contention is predicated on the erroneous assumption that the motor vehicle liability policy is deemed to be secondarily liable under section 11580.9, subdivision (c), but as hereinabove set out, that statute cannot be invoked in the context of the stipulated facts of this case because the two liability policies involved do not cover the same loss; if they did, there would be no need for respondent to resort to the section to bring it within the "persons insured" in the Chubb/Pacific policy because the premises liability policy would be primary. Section 11580.9, subdivision (c), does not create coverage where none exists under the terms of the policy except as specifically provided in the last portion of the statute (clearly not here applicable because neither Preco, the named insured under the Chubb/Pacific policy, nor any of its employees is named as a tortfeasor defendant in the Crucius action), and for that to be operative here, Preco Inc., the named insured under the Chubb/Pacific policy and/or its employees must be named as tortfeasor defendant in the Crucius action, and the premises liability policy and the motor vehicle liability policy must be applicable to the same loss.

■ We conclude that the order of priority set up in section 11580.9, subdivision (c), of the Insurance Code does not here control because only

---

[5]The Chubb/Pacific policy issued to Preco as named insured provides:
"4. PERSONS INSURED:
"As respects bodily injury, personal injury or property damage, each of the following is an insured under this insurance to the extent set forth below:
"  . . . . . . . . .
"(c) if the named insured is other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such:
"  . . . . . . . . . . . . ."

one of the two insurance policies involved covers the particular loss arising out of the loading or unloading of the truck owned by Pacific Export Packers, and that is the Ohio Casualty Ins. Co. policy of motor vehicle liability insurance; and that Pacific Export Packers is neither a named nor an additional assured under the terms of the Chubb/Pacific Indemnity Group policy issued to Preco Inc. insuring the Preco premises, nor by operation of law deemed an insured under section 11580.9, subdivision (c), of the Insurance Code, thus Chubb/Pacific Indemnity Group has no obligation to provide a defense or coverage to Pacific Export Packers in the cause of Crucius v. Pacific Export Packers.

The judgment is reversed with directions to the trial court to amend its findings of fact and conclusions of law and enter judgment in accord with views herein above expressed.

Wood, P. J., and Hanson, J., concurred.