[Civ. No. 53292. First Dist., Div. One. July 26, 1983.]

EMPLOYERS INSURANCE OF WAUSAU, Plaintiff and Respondent, v. OHIO CASUALTY COMPANY, Defendant and Appellant.

872

COUNSEL

James D. Miller and Low, Ball & Lynch for Defendant and Appellant.

Hoge, Fenton, Jones & Appel, Alexander F. Stuart and Randall E. Willoughby for Plaintiff and Respondent.

OPINION

**HOLMDAHL, J.**—This is an appeal from a judgment determining that of two insurance companies liable with respect to injuries sustained in a motor

vehicle collision, the liability of appellant company is primary and that the respondent company is liable only for the excess.

The judgment is affirmed.

## STATEMENT OF FACTS

In October, 1977, a passenger vehicle collided with a tractor which was pulling two trailers loaded with sugar beets. The tractor was driven by Allie Perkins and owned by Anthony Martinez, by whom Perkins was employed. The two trailers were owned by O.L. Williams, and were being pulled by Martinez's tractor pursuant to a sub-haul agreement between Martinez and Williams.

Williams was insured by defendant and appellant Ohio Casualty Company (hereafter, Ohio). The insurance policy provided for liability limits of $100,000 per individual and $300,000 per occurrence. The two trailers were listed in the policy.

Appended to the policy was a standard form of endorsement prescribed by the California Public Utilities Commission (hereafter, P.U.C.). In relevant part, the endorsement provided:

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay, within the limits of liability hereinafter provided, any final judgment rendered against the insured for bodily injury to or death of any person . . . resulting from the operation, maintenance, or use of motor vehicles for which a certificate of public convenience and necessity or permit is required or has been issued to the insured by the Public Utilities Commission of the State of California, regardless of whether such motor vehicles are specifically described in the policy or not.

". . . However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the insured and the Company, and the insured agrees to reimburse the Company for any payment made by the Company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the Company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."

Martinez was insured by plaintiff and respondent Employers Insurance of Wausau (hereafter, Wausau). Its policy also provided liability limits in the

amount of $100,000 per individual and $300,000 per occurrence. The tractor was not listed in the policy. However, appended to the policy was the same standard P.U.C. motor carrier endorsement which was attached to Ohio's policy covering Williams.

Preceding the P.U.C. endorsement in Wausau's policy was the following endorsement: "It is agreed that the coverage provided by such motor carrier endorsements as are required by the public authorities of the territory in which this policy is applicable shall be effective only to the extent of the coverage and limits of liability required by the law pursuant to which such endorsement or endorsements are issued (but in no event in excess of the limits stated in this policy) and shall apply only while the automobile is operated under circumstances requiring such endorsement as condition to lawful operation of the automobile." (Hereafter, second endorsement.)

Shingleton, the driver of the passenger vehicle which was involved in the collision, and Newman, his passenger, sued Perkins, Martinez, and Williams for personal injuries. The defendants filed cross-complaints for indemnity against and contribution from each other. Ultimately, the personal injury actions were settled for the total amount of $157,500. Shingleton received $150,000 and Newman $7,500.

Settlement amounts were contributed equally by Wausau and Ohio, $78,750 by each company. Each insurer reserved its right to seek reimbursement from the other for contributions made to settlement.

On March 13, 1981, judgment was entered against Ohio and in favor of Wausau for $28,500.[1] From that judgment Ohio appeals.

### Contentions of the Parties

Ohio contended in the court below that it entered into the settlement agreement with Wausau on an equal basis as a result of the holding in *Smith v. Travelers Indemnity Co.* (1973) 32 Cal.App.3d 1010 [108 Cal.Rptr. 643], which provided that in truck/trailer situations, the tractor insured and the trailer insured are each permissive users under the other's policy. Inasmuch as both policies appeared to provide primary coverage limits of $100,000 per person per occurrence with a $300,000 per occurrence limit, and the "other insurance" clauses of both policies provide for "equal prorata sharing of loss," Ohio determined that it would be appropriate to contribute to settlement upon a 50-50 basis.

---

[1] That amount represents reimbursement for the excess of Wausau's contribution to the settlement over the amount the trial court concluded it was obligated to pay.

This argument is premised on Wausau's being liable in the same manner as Ohio, as a result of the P.U.C. endorsement.

Wausau contended it was entitled to recover from Ohio the sum of $78,750 or, in the alternative, $28,750. Its rationale for both contentions was that Ohio's coverage was primary, whereas Wausau's coverage was excess. The latter, therefore, should be liable only for that portion of the loss remaining after exhaustion of the former's policy limits.

On the theory that there were two trailers involved in the accident, Wausau argued that two sets of Ohio policy limits applied. Thus, there was available from Ohio $200,000 to cover Shingleton's claim for $150,000 and another $200,000 to cover Newman's claim for $7,500. Since there was no deficiency in coverage, the "excess" coverage under Wausau's policy was not needed, and all of the $78,750 which it had contributed should be returned.

The alternative contention, that Wausau should recover $28,750, is based on the same underlying rationale that Ohio's coverage was primary, but assumes that only one set of policy limits applied. Under this variation, there was $100,000 available to cover the claims of each injured party, pursuant to the Ohio policy. Thus, there was enough coverage to pay all but $50,000 of Shingleton's $150,000 claim and sufficient coverage to pay all of Newman's $7,500 claim. As excess coverage, Wausau was only obligated to cover the remaining $50,000 portion of Shingleton's claim, which Ohio did not cover. Since it had contributed $78,750 to payment of the claims, but was only required to contribute $50,000, it should recover the difference: $28,750.

The lower court rejected Wausau's first alternative, stating in its memorandum of intended decision that "[l]ogic and equity mandates [sic] that Ohio's liability be limited to the $100,000 per person per incident." Wausau does not now contest this rejection of its contention that two sets of policy limits applied.

However, the court did determine that Ohio's policy provided primary coverage, and that Wausau was only obligated to cover that portion of the loss remaining after Ohio's liability limits have been exceeded. On that basis, the lower court concluded that Wausau is entitled to a reimbursement of $28,500.[2]

---

[2]The judgment, as entered, was in the sum of $28,500, an apparent typographical error, inasmuch as its finding for recovery in the sum of $28,750 was arithmetically correct.

### Effect of the P.U.C. Endorsement

As noted earlier, the P.U.C. endorsement attached to Wausau's policy was accompanied by a second endorsement which provided: "It is agreed that the coverage provided by such motor carrier endorsements as are required by the public authorities of the territory in which this policy is applicable shall be effective only to the extent of the coverage and limits of liability required by the law pursuant to which such endorsement or endorsements are issued (but in no event in excess of the limits stated in this policy) and shall apply only while the automobile is operated under circumstances requiring such endorsement as condition to lawful operation of the automobile." ■ Citing *Pacific Indem. Co. v. Transport Indem. Co.* (1978) 81 Cal.App.3d 649 [146 Cal.Rptr. 648], Wausau argues that the language of the second endorsement limits its obligation "to provide insurance protection only to the extent required by law. . . . California law does *not* require coverage under a PUC endorsement where other insurance exists providing at least $100,000 of coverage. Since the Ohio policy provided $100,000 of coverage, Employers had no obligation to share in the underlying loss."

On the other hand, Ohio relies on two Supreme Court cases: *Travelers Ins. Co. v. Transport Indem. Co.* (1972) 6 Cal.3d 514 [99 Cal.Rptr. 627, 492 P.2d 683] and *Argonaut Ins. Co. v. Transport Indem. Co.* (1972) 6 Cal.3d 496 [99 Cal.Rptr. 617, 492 P.2d 673].[3] It cites these cases in support of its argument that Wausau is liable for a prorata share of the settlements based on the coverage arising from the P.U.C. endorsement. We conclude its reliance on these cases is misplaced.

*Argonaut* held that where, but for the P.U.C. endorsement, two insurance companies would be equally liable based on similar "excess" and "other insurance" clauses, the presence of the P.U.C. endorsement in the one policy did not operate to make the issuer of that policy the primary insurer. There is no indication in *Argonaut* that the underlying policy would have been secondary were it not for the endorsement.

The holding in *Travelers* is essentially the same: Both of the subject policies covered the accident and both had valid "excess" and "other insurance" clauses. The court held that the P.U.C. endorsement to the trucker's insurance policy did not vitiate that policy's "excess" and "other insurance" clauses and, therefore, it was appropriate to prorate liability "ac-

---

[3]The two are companion cases.

cording to the amount of coverage afforded" by each policy. (*Travelers Ins. Co. v. Transport Indem. Co., supra,* 6 Cal.3d 514, 517.)

Having determined that each of the two insurance companies should contribute prorata, the court in *Travelers* then specified the resulting proportion of contribution due from each company, basing its calculation on the amount of coverage provided by the trucker's policy *as amended by the P.U.C. endorsement* ($100,000), rather than on the amount of basic coverage ($10,000). However, as pointed out in a later case, this portion of the opinion is dictum, since the use of the endorsement limit of $100,000 rather than the basic coverage limit of $10,000 was not at issue on appeal and, indeed, the parties had stipulated that the endorsement had increased the coverage for purposes of proration. (*Pacific Indem. Co. v. Transport Indem. Co., supra,* 81 Cal.App.3d 649, 659.)

Wausau distinguishes the instant case from both *Argonaut* and *Travelers* on the basis that but for the P.U.C. endorsement, it would have no liability because the tractor was not listed in the policy. Further, inasmuch as it is liable only because of the P.U.C. endorsement, the coverage provided by that endorsement is limited by the terms of the second endorsement; *i.e.,* it is "effective only to the extent of the *coverage and limits of liability* required by the law pursuant to which such endorsement or endorsements are issued." (Emphasis added.) And, Wausau concludes, California law does not require coverage under a P.U.C. endorsement when there exists other insurance providing at least $100,000 of coverage.

Wausau's reliance on the language contained in the second endorsement is perhaps misplaced. It appears to confuse "coverage" and "limits of liability," on the one hand, with actual liability for a particular loss on the other hand. However, we conclude that the rule followed in *Pacific Indemnity* supports the trial court's judgment without regard to the second endorsement.

In the *Pacific Indemnity* case, the trucker's insurance carrier provided a policy limit of $10,000, which was increased to $100,000 only as a result of the P.U.C. endorsement. The trucker's insurance carrier was held liable for coverage pursuant to the basic policy. In calculating the proper proration, the court employed the $10,000 basic policy limit. By clear implication, in *Pacific Indemnity,* the additional $90,000 of coverage resulting from the P.U.C. endorsement would have constituted excess coverage.[4]

---

[4]In *Pacific Indemnity,* the trucker's carrier's $10,000 and the other company's primary coverage were sufficient to cover the entire loss. Thus, there was no deficiency requiring recourse to the other $90,000.

The holding in *Pacific Indemnity,* concerning which the Supreme Court later denied a hearing, was based upon "the clear language of the PUC endorsement [which] must be given effect in prorating the coverage between concurrent insurers of the same accident. *The basic policy limits should be utilized in the proration process, not the additional PUC endorsement limit.*" (*Pacific Indem. Co.* v. *Transport Indem. Co., supra,* 81 Cal.App.3d 649, 659; italics added.)

*Pacific Indemnity,* in turn, was based on the rationale set forth in *Argonaut's* discussion of the policy of the law requiring the P.U.C. endorsements. "[T]he purpose of the endorsement requirement is to protect the public and *not to determine which of two insurers should be held ultimately liable.* The endorsement language, considered as a whole, suggests an intent to protect injured persons by precluding defenses based on the insured's failure to cooperate or breach of condition, while permitting the insurer in such instances to obtain reimbursement from the insured." (*Argonaut Ins. Co.* v. *Transport Indem. Co., supra,* 6 Cal.3d 496, 505; italics added.)

Applying the foregoing analysis to the instant case results in the following: Wausau's liability pursuant to its basic policy is $ 0, because the tractor was not listed in that basic policy. Consequently, its pro rata share as a primary co-insurer is $ 0. Its coverage based on the P.U.C. endorsement is therefore available only as to any excess over the limits of Wausau's policy.

### Conclusion

We conclude that the P.U.C. endorsement does not make an insurer qualitatively more liable relative to another insurer than it would have been without the endorsement. In the instant case, the P.U.C. endorsement to Wausau's policy provides the basis for excess coverage to the extent that exhaustion of Ohio's basic policy limits does not cover the entire loss.

We affirm the judgment.

Newsom, J., and Breiner, J.* concurred.

---

*Appointed by the Chairperson of the Judicial Council.