870 P.2d 1200

**COLUMBIA CASUALTY COMPANY, Plaintiff/Appellant/Cross-Appellee,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant/Appellee/Cross-Appellant.**

No. 2 CA-CV 93-0192.

Court of Appeals of Arizona, Division 2, Department A.

March 10, 1994.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Edwin Gaines and Charles V. Harrington, Tucson, for plaintiff/appellant/cross-appellee.

Raymond, Greer & Sassaman by Michael J. Raymond and Randy L. Sassaman, Phoenix, for defendant/appellee/cross-appellant.

*OPINION*

LIVERMORE, Presiding Judge.

Defendant United States Fidelity & Guaranty Company (USF & G) was the primary general liability insurer for Columbia Building Materials, Inc., with limits of $100,000. Plaintiff Columbia Casualty Company was

the excess insurer with limits of $10,000,000. Claims for damages were brought against the insured by landowners adjacent and downstream from the insured. The asserted basis of liability was that activities by the insured on the banks of the Santa Cruz River increased flood damage to the property of the claimants. As primary insurer, USF & G undertook the defense. It determined to bring a third party action against an engineering firm that had advised the insured. The engineering firm prevailed by way of summary judgment and recovered attorneys' fees in excess of $75,000. USF & G treated this sum as the payment of insurable damages and, because the sum when added to earlier payments on the policy exceeded $100,000, viewed its obligations as primary insurer to be fulfilled. Columbia Casualty then undertook defense of the action and negotiated a settlement for $287,500. This action followed, Columbia Casualty arguing that the attorneys' fees paid the engineering firm was a cost of defense rather than a liability payment, and that, therefore, USF & G had not exhausted its policy limits and was required to pay not only the remaining portion of its limits in satisfaction of the settlement but also all defense costs because all were incurred before the primary insurer had exhausted its limits. The trial court ruled that the attorneys' fees were not liability payments but then pro-rated the payments of defense costs on the basis of the proportion of liability payments made by each insurer. Columbia Casualty, by way of appeal, and USF & G, by way of cross-appeal, question these rulings. With one modification, we affirm.

We begin with USF & G's argument that the attorneys' fees payment made to the successful third party defendant should be considered a liability payment to be credited against the $100,000 limits. We do not see how such payments can be treated as something the "insured [was] legally obligated to pay as damages because of ... property damage." Seeking unsuccessfully to shift liability to a third person for property damage does not make sums due that third person damages caused by the original property damage. The attorneys' fees are damages caused by the insurer's incorrect assessment of the liability of the third person it, in the exercise of its exclusive control of the insured's defense, chose to sue. The price of a failed defense undertaken in part to allow the insurer to escape its obligation to pay for the insured's liabilities cannot be that the insured will have lost its protection. Consequently, we believe it proper to treat the attorneys' fees award as "expenses incurred by the Company" or "costs taxed against the insured in any suit defended by the Company," both of which under the policy in issue the insurer is obligated to pay in addition to liability payments.[1] While attorneys' fees are usually not considered "costs" of litigation, the fees in this case are properly treated as costs because they were in fact actual costs to the insurer of its attempt to deflect liability from the insured and thus derivatively from itself.

The remaining issues relate to the exposure of each insurer for the cost of defense. Columbia Casualty, relying on the proposition that the primary insurer has the duty to defend until its limits are exhausted, seeks to impose all costs and fees on USF & G because its limits were never exhausted, the payment of the third party fees having mistakenly been treated as a liability payment. *Commercial Union Ins. Co. v. Pittsburgh Corning Corp.*, 789 F.2d 214 (3d Cir.1986); *Planet Ins. Co. v. Mead Reinsurance Corp.*, 789 F.2d 668 (9th Cir.1986); *Signal Companies v. Harbor Ins. Co.*, 27 Cal.3d 359, 165 Cal.Rptr. 799, 612 P.2d 889 (1980). USF & G seeks to divide costs based on the amount of insurance each policy offers; in this case 99% of the costs would then be borne by Columbia Casualty because its excess insurance totals $10,000,000 in comparison to USF & G's $100,000 limits. See *Travelers Ins. Co.*

---

1. USF & G cites *City of Ypsilanti v. Appalachian Ins. Co.*, 547 F.Supp. 823 (E.D.Mich.1982), affirmed, 725 F.2d 682 (6th Cir.1983), for the proposition that an attorneys' fee award is covered by a general liability policy. That award was to the plaintiff suing the insured and thus was a liability arising from the insured event. That case does not control where the liability arises not from an insured event but from an insurer's decision to attempt to shift liability to a third party.

v. *Transport Indemnity Co.,* 6 Cal.3d 514, 99 Cal.Rptr. 627, 492 P.2d 683 (1972) (holding that when two policies affording coverage each have clauses purporting to make their coverage excess if there is other insurance then each insurer will be proportionately liable based on coverage limits). The trial court imposed roughly 75% of fees and costs on Columbia Casualty because that was the proportionate amount of the ultimate settlement paid by it, the remainder of the settlement being paid by USF & G from the limits of its policy as replenished by the deletion of the attorneys' fees payment to the third party defendant. *Hartford Accident & Indemnity Co. v. Civil Service Employees Ins. Co.,* 33 Cal.App.3d 26, 108 Cal.Rptr. 737 (1973). Columbia Casualty argues that if such apportionment is proper, it should also be applied to fees and costs expended by Columbia Casualty before USF & G abandoned its defense of the insured.

■ While each of the rules cited is applicable in some contexts, we believe on the facts of this case that apportionment of costs based on liability payments is the proper rule. From the start of this litigation, it was apparent that the primary insurance would be inadequate. This being so, one would expect the insurers to work together to minimize the amount of the settlement and the amount of fees and costs incurred before settlement. Such did not occur. In part that may be because there were economic disincentives to joint action. By insisting on the primary insurer undertaking all fees and costs until liability limits were exhausted, Columbia Casualty could minimize its payments for fees and costs. Conversely, USF & G sought to impose all fees and costs on Columbia Casualty by tendering its limits to the excess insurer and asking it to assume the defense. The legal rule to be applied in these circumstances ought to encourage joint action rather than contribute to the hope that one insurer might prosper at the expense of the other. See generally *Hartford Accident & Indemnity Co. v. Aetna Casualty & Surety Co.,* 164 Ariz. 286, 792 P.2d 749 (1990). Liability for fees and costs based on proportionate liability payments best serves this purpose. Both primary and excess insurer will know how fees and costs will be paid and will not believe that the majority of such costs can be laid off on the other insurer by tactical maneuvering.

■ The final question we must answer is whether fees and costs incurred by the excess insurer before the primary insurance is exhausted can be proportionately recovered from the primary insurer. Our rationale for encouraging joint action suggests that they should be. Where both insurers are going to be liable, and thus both require legal representation, the ability to seek contribution equitably from one side or another ought not turn on an artificial timetable as to who has primary responsibility for defense at that time. Instead, eligibility for contribution should turn on whether the expenses were undertaken for the common purpose of minimizing the exposure of the insured to the injured parties. Accordingly, we believe the trial court erred in not including all Columbia Casualty costs and fees in the total costs and fees to be apportioned between the two insurers.

The judgment is modified to reflect the proper apportionment of costs and fees and, as so modified, is affirmed. The requests for attorneys' fees on appeal are denied.

LACAGNINA and FERNANDEZ, JJ., concur.