**Fred GREEN, Administrator of the Estate of David Scott McKeag, Deceased**

v.

**Robert Patrick BENSON and Mr. & Mrs. Robert L. Benson, Defendants,**

and

**Allstate Insurance Company, Garnishee.**

**Civ. A. No. 31485.**

United States District Court
E. D. Pennsylvania.

March 28, 1967.

On Motion for Summary Judgment
May 19, 1967.

Gordon W. Gerber, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., and Howard Richard, Upper Darby, Pa., for defendants.

James J. McEldrew, Philadelphia, Pa., for Allstate Ins. Co.

## MEMORANDUM AND ORDER SUR GARNISHEE'S MOTION TO DISMISS (Document 35)

VAN DUSEN, District Judge.

The parties to this garnishment proceeding agree that the accident upon which the original suit was based occurred in the following manner:

"On Sunday, July 30, 1961, at or about 6:30 P.M., Robert Patrick Benson, the 17 year old son of Robert L. Benson, who resided with his father at 4634 Woodland Avenue, Drexel Hill, Upper Darby Township, Pennsylvania, was operating a 1961 Chevrolet automobile in an easterly direction on Woodland Avenue, Drexel Hill, Upper Darby Township, Pennsylvania, near its intersection with Belfield Avenue, when that automobile collided with a bicycle operated by David Scott McKeag, a 14 year old boy who died as a result of injuries sustained in that accident."

(Document 30, par. 8; Document 33, par. 8)

As a result of this accident claims were filed against two insurance companies, Continental Casualty Company (hereinafter "Continental") and Allstate Insurance Company (hereinafter "Allstate"). Both insurance companies originally disclaimed coverage, but Continental subsequently caused counsel to enter an appearance in the action on its behalf (Document 43, p. 19). Counsel retained by Continental undertook the defense of the action as co-counsel with an attorney retained by defendants, Mr. and Mrs. Robert L. Benson, to represent themselves and their minor son, the operator of the vehicle, who was also a defendant. Allstate did not undertake the defense of the action. When the case was called for trial, counsel informed the trial judge that they had reached a settlement agreement. Court and counsel then retired to chambers to discuss the settlement agreement. Present at this discussion were Gordon W. Gerber, Esq., attorney for the plaintiff, Ronald H. Sherr, Esq., who had been retained by Continental, Howard Richard, Esq., who had been retained to represent Mr. and Mrs. Benson and their minor son (Document 27, p. 1). By the terms of the settlement agreement, judgment was to be entered in favor of the plaintiff and against the defendant, Robert Patrick Benson, in the amount of $5000. Mr. Gerber, counsel for the plaintiff, stated as follows:

"* * * plaintiff agrees for the plaintiff and the plaintiff's family, the parents of the deceased child, that he

will not seek to impose any financial obligation upon the individual defendant for the payment of all or any part of the judgment or costs in this case.

"MR. RICHARD: Fine.

"MR. GERBER: And that the plaintiff and the deceased child's parents will limit themselves to any financial recovery to whatever it is they can collect from either the Continental Casualty Insurance Company or the Allstate Insurance Company.

"MR. RICHARD: Correct."

(Document 27, pp. 5–6)

He further stated:

" * * * I would want to make sure that the record shows the agreement of all counsel that the agreed settlement figure of $5000 is a fair and reasonable settlement considering all of the circumstances involved in the case.

"Certainly one of those circumstances is that Your Honor pretried this case and placed a settlement range on the case of which $5000 was the minimum and $10,000 was the maximum, all of these being settlement figures as distinguished from potential jury verdicts, so that there will never be, at least among counsel or court here, anything other than agreement that the settlement figure of $5000 was fair and reasonable and appropriate under all of the circumstances.

"Counsel, Mr. Sherr, you agree to that, do you not?

"MR. SHERR: Yes, sir.

"THE COURT: And Mr. Richard?

"MR. RICHARD: Yes, sir." [1]

(Document 27, p. 8)

Plaintiff now concedes that the most he is entitled to recover from Allstate is $2500. (see attached letter of March 14, 1967).

■ Allstate's contention that this court does not have jurisdiction of the garnishment proceeding is without merit. Under the circumstances of this case, the garnishment proceeding is a proper subject of the ancillary jurisdiction of the Federal Courts. See Hobbs v. Buckeye Union Casualty Company, 212 F.Supp. 349 (W.D.Va.1962). See, also, American Federation of Tobacco Growers v. Allen, 186 F.2d 590 (4th Cir. 1951); 1 Barron and Holtzoff, Federal Practice and Procedure, § 23; F.R.Civ.P. 69.

■ Assuming, as Allstate contends, that Continental admitted some coverage under its policy by causing its counsel to enter an appearance and defend the action, it does not follow that, by so doing, Continental admitted exclusive coverage. Therefore, cases such as Pendleton v. Pan American Fire and Casualty Company, 317 F.2d 96 (10th Cir. 1963), relied on by Allstate, do not provide authority for dismissing this garnishment proceeding.[2]

---

1. Plaintiff also agreed that under no circumstances would he look to Continental for the payment of any more than $2500., and that he would seek to recover the entire $5000. from Allstate. If he succeeded in recovering the $5000. from Allstate, he would return $2500. to Continental, but if he did not succeed he would not look to Continental for any further payments (Document 27, pp. 9, 11). Subsequently, a petition to approve the settlement was filed and approved by order of 3/28/66 (Document 28).

2. No opinion is expressed here as to whether anything done by Continental amounted to an admission of coverage under its policy. It is noted, however,

that in the *Pendleton* case the court said, at 317 F.2d 99:

" * * * we think this case is controlled by the long established rule that a liability insurance carrier, which assumes and conducts the defense of an action brought against its insured with knowledge of a ground of forfeiture or noncoverage under the policy, and *without disclaiming liability* or giving notice of a reservation of its right to deny coverage, is thereafter precluded in an action upon the policy from setting up the ground of forfeiture or noncoverage as a defense." [Emphasis added.]

Continental did disclaim liability in the instant case, and the record indicates that it continued to dispute coverage up

■ Allstate's contention that plaintiff's agreement to accept $2500. from Continental, and Continental's agreement to pay that amount to plaintiff, constituted a settlement of the $5000. judgment which is Document 28, is not borne out by the record.[3] The transcript of the discussion which led to that agreement (Document 27) shows that the parties to it intended to satisfy only Continental's liability to the plaintiff and not any liability which Allstate may have. See Document 27, pp. 5, 8–9, 11–12, and Document 28, p. 2.

■■ Allstate's contention that the settlement agreement shown in Document 28 is beyond the authority of the Administrator is also without merit. 20 P.S. § 772 gives the administrator the authority to commence and prosecute death actions. 20 P.S. § 1151 provides:

> "Whenever it is desired to compromise or settle an action in which damages are sought to be recovered on behalf of the estate of a decedent, any court in which such action is pending and which has jurisdiction thereof may, upon oral motion by plaintiff's counsel of record in such action, or upon petition by the personal representative of such decedent, make an order approving such compromise or settlement. Such order may approve an agreement for the payment of counsel fees and other proper expenses incident to such action."

An order of a United States District Court, approving a settlement in a death action pending in such court, is conclusive and binding on the Orphans' Court which has jurisdiction of the decedent's estate. Trigg Estate, 86 Pa.Dist. & Co. R. 76 (O.C.Phila.Co.1953); 20 P.S. § 1152.

■ The settlement figure of $5000. was within the settlement range recommended by the pre-trial judge. It was agreed by all counsel in the case, including Mr. Richard, the private counsel retained by the Bensons, that that figure was fair and reasonable under all the circumstances of this case. Since Mr. Richard acted diligently to protect the defendant, Robert Patrick Benson, at the pre-trial conference and at the discussion in chambers on February 28, 1966, Allstate was not prejudiced by the fact that it was not represented at that discussion. Allsate has advanced no reason or authority indicating that, on this record, the procedures followed in this case were improper or that the plaintiff is not entitled to proceed against Allstate to recover $2500.[4]

## ORDER

And now, March 28, 1967, after consideration of the garnishee's Motion to Dismiss (Document 35), the briefs of counsel, oral argument, and the record, it is ordered that the Motion by garnishee, Allstate Insurance Company, to dismiss (Document 35) is denied.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case is before the court on the Motion (Document 36) of the plaintiff for a summary judgment against the garnishee, Allstate Insurance Company (hereinafter "Allstate").

The plaintiff's decedent, David Scott McKeag, a 14-year-old boy, died as a result of injuries sustained on July 30, 1961, in a collision between a bicycle which he was operating and a 1961 Chevrolet automobile, which was being operated by the minor defendant, Robert Patrick Benson. The 1961 Chevrolet

---

through the conference which gave rise to the settlement agreement. See Document 27, p. 10. It is also noted that the Pennsylvania Supreme Court has held that the insurer's obligation to defend "arises whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy." See

Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 58, 188 A.2d 320 (1963); see, also, Cadwallader v. New Amsterdam Cas. Co., 396 Pa. 582, 152 A.2d 484, 72 A.L.R.2d 1242 (1959).

3. See footnote 1 above.

4. The brief of the garnishee has been filed as Document 45.

was a company car [1] which the minor defendant's mother used in her work for her employer. There were two insurance policies which potentially covered the car on the date of the accident, one issued by Continental Casualty Company [2] (hereinafter "Continental") and the other issued by Allstate. Although Continental disclaimed coverage under its policy, it caused counsel to enter an appearance and defend the suit instituted by the representative of the deceased boy against Robert Patrick Benson and his parents, Mr. and Mrs. Robert L. Benson. This suit resulted in a judgment for the plaintiff in the amount of $5,000., entered upon a settlement agreement negotiated by counsel for the plaintiff, counsel for Continental, and the private counsel retained to represent the Bensons. The settlement agreement provided, inter alia, that judgment for $5,000. was to be entered in favor of the plaintiff and against the defendant Robert Patrick Benson only, that Continental was to pay plaintiff half of the total amount of the judgment, or $2500., and that plaintiff would seek to recover the remaining $2500. from Allstate. [3] Allstate disclaims coverage. It did not participate in the defense of the action or in the negotiation of the settlement agreement.

On the date of the accident, Allstate had in effect an automobile liability insurance policy issued to Robert L. Benson. This policy covered any relative of the named insured while driving a non-owned private passenger automobile "not regularly furnished for the use of such relative" (Document 30, Exhibit A, p. 1). Allstate denied coverage solely on the ground that the 1961 Chevrolet was reg-

ularly furnished for the use of Robert Patrick Benson (Document 30, ¶ 11; Document 33, ¶ 11).

 At the time plaintiff filed his Motion for Summary Judgment (Document 36) and at the time of the oral argument of that Motion (March 7, 1967), the only evidence of record on the issue of whether the 1961 Chevrolet was regularly furnished for the use of Robert Patrick Benson was the sworn deposition testimony of Robert Patrick Benson, his mother, Mrs. Robert L. Benson, and Mr. John M. Gallagher [4] that it was not regularly furnished for his use (Document 38, pp. 4–5; Document 37, pp. 17–18; Document 43, pp. 33–34). At the oral argument, the court gave Allstate 30 days in which to put on the record an affidavit or deposition contradicting the above evidence. Within the 30-day period, Allstate submitted the affidavit of its counsel (Document 48), James J. McEldrew, Esq., to which were attached two statements which, according to the affidavit, were "taken from" Mary Jane Devine and Marie L. Devine, neighbors of the Bensons. These two statements indicate that Robert Patrick Benson drove the 1961 Chevrolet frequently prior to the accident. Plaintiff immediately filed an objection and Motion to Strike (Document 47) the Allstate affidavit on the ground that it did not comply with F.R. Civ.P. 56(e), and on the further ground that Mary Jane Devine and Marie L. Devine repudiated the two statements in subsequent sworn deposition testimony.

F.R.Civ.P. 56(e) provides in part:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

---

1. The car was owned by the 69th Street Rental Agency which had leased it to Mickey Harris Interiors, Inc., of which Mrs. Robert L. Benson was an employee.

2. This policy had been issued to the 69th Street Rental Agency.

3. The agreement provided that if plaintiff recovered more than $2500. from Allstate, the excess would be paid over to Continental (Document 28, p. 5, ¶ D). However, plaintiff now concedes that he

is entitled to no more than $2500. from Allstate (see letter of plaintiff's counsel attached to Document 46, being Memorandum and Order Sur Garnishee's Motion to Dismiss).

4. Mr. Gallagher was at the time of his deposition Claims Supervisor for Continental. He testified that his company made an investigation as to whether the car was regularly furnished for the use of Robert Patrick Benson and concluded that it was not.

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Measured against this standard, Allstate's affidavit is deficient in several respects. In paragraph 3 of the ·affidavit, it is asserted that the two attached statements were "taken from" the purported signers thereof. It is not asserted that the affiant took the statements or how the affiant knows the statements were taken from those persons. Presumably the affiant knows this through hearsay, having been so informed by his client, Allstate. The affidavit is, therefore, not made on personal knowledge and does not properly authenticate the two documents attached to it. In addition, the two statements are hearsay and, as such, would be inadmissible in evidence. For these reasons, the Plaintiff's Objection and Motion to Strike the Affidavit of Allstate Insurance Company, Garnishee, in Opposition to Plaintiff's Motion for Summary Judgment (Document 47) has been granted as to the last two sentences of paragraph 2 and paragraph 3 of the Allstate affidavit (Document 48). See F.R.Civ.P. 56(e), supra; Taylor v. Rederi A/S Volo, 249 F.Supp. 326 (E.D.Pa. 1966), reversed on other grounds, Opinion of United States Court of Appeals for the Third Circuit, 374 F.2d 545, 3/22/67; Smerdon v. Swedish-American Line, 33 F.R.D. 314 (S.D.N.Y.1963); Goldberg v. S. & V. Construction Co., Inc., 6 F.R.Serv.2d 56e.12, Case 1 (D. Conn.1962); cf. Mahoney v. McDonald, 38 F.R.D. 161 (E.D.Pa.1965).

It is noted that on March 27, 1967, Allstate took the depositions (Document 49) of the two persons who are alleged to have given the statements attached to the Allstate affidavit discussed above.

At her deposition, Mrs. Marie L. Devine testified that she and her daughter, Mary Jane Devine, could not have seen Robert Patrick Benson driving the 1961 Chevrolet regularly before the accident because at that time Mrs. Benson had had the use of the car for only about three weeks and Mrs. Devine and her daughter had been away on vacation for two of the three weeks (Document 49, pp. 5–6). Mary Jane Heffernan, nee Devine, testified at her deposition that she saw Robert Patrick Benson drive the 1961 Chevrolet only "once or twice" (Document 49, p. 10).[5]

■ With the above-mentioned portions of the Allstate affidavit stricken, the only evidence on the record on the issue of whether the 1961 Chevrolet was regularly furnished for the use of Robert Patrick Benson is the above-mentioned sworn deposition testimony that it was not regularly furnished for his use. Summary judgment for the plaintiff is, therefore, appropriate on this record. See Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965).[6]

■ Both the Continental policy and the Allstate policy contain clauses which provide that the insurance provided by such policy shall be excess insurance over other collectible insurance (Document 30, Exhibit A, p. 3; Document 52, Exhibit 2, 16th page). In such a case, each insurer must pay a pro rata share of any judgment recovered against the insured. Continental Cas. Co. v. Aetna Cas., 33 Pa.Dist. & Co.2d 293 (C. C. Allegheny Co. 1963); Harleysville Mutual v. U. S. F. & G., 27 Pa.Dist. & Co.2d 544 (C. P. York Co. 1961). Therefore, in the instant case, Allstate is liable for $2500, or one-half of the judgment recovered by plaintiff against its insured.

5. See, also, Document 40, an earlier deposition of this witness taken on behalf of the defendants on August 14, 1962.

6. See, also, Ripepi v. American Insurance Companies, 349 F.2d 300 (3rd Cir. 1965), wherein the United States Court of Appeals for the Third Circuit stated, at page 302, that an insurance company's failure to defend a claim does not relieve it of the consequences of breaching its duty to do so.