LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,

v.

PACIFIC INDEMNITY COMPANY and American Home Assurance Company, Defendants.

Civ. A. No. 75–122 ERIE.

United States District Court, W.D. Pennsylvania.

Feb. 3, 1983.

Wallace J. Knox, Erie, Pa., for plaintiff.

John G. Gent, Erie, Pa., for defendant American Home Assur. Co.

Byron A. Baur, Erie, Pa., for defendant Pacific Indem. Co.

## OPINION

WEBER, District Judge.

On June 26, 1971, Theodore Koenig was involved in an accident in his neighbor's above-ground pool and suffered severe and permanent injuries. A suit was filed by Koenig in the Court of Common Pleas of Erie County against the manufacturer of the pool, Muskin Manufacturing Corp., and the retailer, W.T. Grant Co. Trial of that action was recently completed in Common Pleas resulting in a verdict for the plaintiff.

The matter before this court is a declaratory judgment action instituted to deter-

mine which of three insurers has the responsibility for the defense and verdict in the underlying civil action. The instant case has been stayed for some time awaiting disposition of the personal injury suit in Common Pleas. With the completion of the trial of Koenig's claims and the special interrogatories answered by the jury, we can now move to address the summary judgment motion before us.

Defendant Pacific Indemnity Company (Pacific) has filed a motion for Summary Judgment seeking determination of its liability for the cost of defense of W.T. Grant and for any portion of the verdict against W.T. Grant. We herein address only those issues raised by Pacific's motion. Any remaining questions of the other parties' liability for the cost of the defense or the verdict may be raised by appropriate motions for summary judgment.

Although Pacific's motion argues that California law is applicable it has not brought to our attention any difference between the substantive law of California and that of the law of the forum state, or between California law and the ruling law of general application in the United States. Therefore, to the extent available, we will look to Pennsylvania law.

We have examined the evidentiary material of record and find no genuine material issue of fact which would preclude summary judgment. Accordingly a review of the facts of record is in order.

Each of the parties to this suit had issued an insurance policy to W.T. Grant which was in effect on the date of Koenig's injury, June 26, 1971. The relevant policies are:

1) Policy No. R61–621–004235–061 issued by Liberty Mutual to W.T. Grant. This is a Blanket Public Liability Policy covering the period of June 1, 1971 to June 1, 1972.

2) Policy No. LE2–621–004236–120 issued by Liberty Mutual to W.T. Grant. This is an Umbrella Excess Liability Policy covering the period of June 1, 1970 to June 1, 1972, with policy limits of $10,000,000.

3) Policy No. LAC 202492 issued by Pacific to American Cement Corp. This is a Comprehensive General Liability Policy covering the period of May 1, 1969 to July 1, 1972. Muskin Corp. is included in the policy's coverage as a subsidiary of American Cement. W.T. Grant was made an additional insured under this policy as to products manufactured by Muskin by an endorsement dated June 19, 1969. The endorsement specifically excludes coverage for liability of W.T. Grant on any express warranty or sale for a purpose not authorized by Muskin. The policy has a liability limitation of $100,000.

4) Policy No. CE 35–07–98 issued by American Home to American Cement Corp. This is an Excess Third Party Liability Policy covering the period of May 1, 1969 to July 1, 1972, with policy limits of $5,000,000. Muskin as a subsidiary of American Cement, is insured under the policy against claims arising from the manufacture, sale or distribution of Muskin products.

By communications of October 12, 1972, October 31, 1972, and February 22, 1974, Grant requested that Muskin's insurers assume the defense of Koenig's claims against Grant. These requests were refused. Liberty Mutual has borne the costs of W.T. Grant's defense, while Pacific and American Home have defended Muskin.

■ Pacific seeks summary judgment on plaintiff's claim for contribution or indemnity on Grant's liability on the grounds that payments under the policy have reached policy limits. Pacific's policy provides:

4. *Limits of Liability*

It is understood and agreed that this company shall not be liable for more than:

$100,000.00   any one occurrence ... [or] ... an aggregate of $100,000.00 in any one policy year.

Pacific has submitted the affidavit of its Vice-President, William Daugherty, in which he asserts that as of May 24, 1976 Pacific has paid claims of $100,000.00 under the policy for the relevant policy year. The parties do not dispute this figure or its computation. By the unambiguous language of the policy and the undisputed

facts presented in the affidavit, Pacific's policy limits have been exhausted. Pacific therefor cannot be liable for any portion of the verdict and summary judgment in its favor will be entered on this point.

Liberty Mutual by its complaint also seeks reimbursement from Pacific for the costs of the defense of W.T. Grant. Pacific by its motion for summary judgment seeks a determination that it is not liable for the costs of W.T. Grant's defense.

Pacific's policy No. LAC 202492 provides:
6. *Defense, Settlement, Supplementary Payments*—The company shall:
(A) Defend in his name and behalf any suit against the insured alleging injury or property damage and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, . . .

Liberty Mutual's Blanket Public Liability Policy No. R61–621–004235–061 also contains a defense clause:
II Defense, Settlement, Supplementary Payments—With respect to such insurance as is afforded by this policy for personal injury liability, this company shall:
(a) Defend any suit against the insured alleging such injury sickness or disease and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; . . .

Pacific contends, for a variety of reasons, that Liberty Mutual alone has the duty to defend W.T. Grant and bear the cost of that defense.

■ Pacific has raised the possibility that the jury's answers to special interrogatories in the underlying civil action may be determinative of Pacific's duty to defend. However, the Supreme Court of Pennsylvania has clearly stated that a liability insurer's duty to defend a suit against the insured is determined by the allegations of the complaint in the underlying action. *Wilson v. Maryland Casualty Co.,* 377 Pa. 588, 594, 105 A.2d 304 (1954); *Cadwallader v. New Amsterdam Casualty Co.,* 396 Pa. 582, 590, 152 A.2d 484 (1959). Further, the insurer has the duty to defend all claims

against the insured, until it can confine the claims to those which its policy does not cover. *Id.* Various allegations of Koenig's complaint in Common Pleas Court come within the scope of Pacific's policy with Muskin and Grant, thereby invoking Pacific's duty to defend. Because the duty to defend is invoked by the allegations of the complaint, the decision of a jury on these claims is irrelevant to this issue.

■ Pacific further argues that exhaustion of its policy limits on liability also extinguishes its duty to defend. Various courts have determined that certain policy language not present here may make the insurer's duty to defend dependent on the policy's liability limitations. *E.g. Denham v. LaSalle-Madison Hotel Co.,* 168 F.2d 576 (7th Cir.1948) (applying Illinois law); *Liberty Mutual Insurance Co. v. Mead Corp.,* 219 Ga. 6, 131 S.E.2d 534 (1963); *Aetna Casualty Co. v. Certain Underwriters at Lloyds of London,* 56 Cal.App.3d 791, 129 Cal.Rptr. 47 (1976); 7C Appleman, *Insurance Law and Practice* § 4682 (1979); see also cases collected at 27 A.L.R.3d 1057. However, absent such language, the insurer's duty to defend is independent of the limitation on liability. *Simmons v. Jeffords,* 260 F.Supp. 641 (E.D.Pa.1966); and see *Gedeon v. State Farm Mutual Automobile Insurance Co.,* 410 Pa. 55, 188 A.2d 320 (1963); *Weinberg v. State Workmen's Insurance Fund,* 368 Pa. 76, 81 A.2d 906 (1951); *Kocse v. Liberty Mutual Insurance Co.,* 159 N.J.Super. 340, 387 A.2d 1259 (1978); 7C Appleman, *Insurance Law and Practice* § 4682 (1979); 27 A.L.R.3d 1057. Pacific's policy provision, quoted above, is unqualified. Nor does that section of the policy on limitation of liability make any reference to Pacific's duty to defend. The language of the policy being unambiguous, the duty of Pacific to defend any suit against its insured survives the exhaustion of the policy's liability limits.

Pacific's principal argument is that Liberty Mutual is the primary carrier and therefore has the duty to defend W.T. Grant. Pacific points to its policy provision titled (G) *Other Insurance:*

(1) If there be any other insurance against a claim or loss covered by this policy, the insurance under this policy shall be deemed excess insurance over and above and not contributing with such other insurance.

However, Liberty Mutual's policy contains a similar provision:

9. *Other Insurance.* If the insured has other valid collectible insurance, in another company against a loss covered by this policy, this policy shall be excess insurance with respect to such loss.

Both parties seek to place primary responsibility for Grant's defense upon the other by virtue of their respective "excess" clauses.

Pacific contends, however, that Liberty Mutual's "excess" clause does not apply in this situation because the Liberty Mutual policy provides the only coverage for Grant on certain claims included in the Koenig complaint. Specifically, Liberty Mutual's policy covers those bases of liability which are excluded from Pacific's coverage by the terms of Pacific's endorsement to Grant.

1. The insurance with respect to the vendor does not apply to:

(a) Any express warranty, or any distribution or sale for a purpose, unauthorized by the named insured.

This exclusion, it is argued, makes Liberty Mutual the primary carrier with the duty to defend all claims against Grant.

Pacific's policy does cover Grant for claims not within the endorsement exclusion but included in the Koenig complaint. If it were the primary insurer, Pacific's duty to defend would extend to all claims and not just those within its policy. *Cadwallader v. New Amsterdam Casualty Co.,* 396 Pa. 582, 152 A.2d 484 (1959). It would then be under a duty to defend all claims including those within the endorsement exclusion. The only factors preventing Pacific from being the primary carrier with the duty to defend all claims are its "excess" clause and the existence of the Liberty Mutual policy, which in turn has its "excess" clause. Thus, despite the endorsement exclusions, we are faced with the dilemma of competing "excess" clauses.

This is a diversity case where we must look to the state courts for resolution of this issue. We have found no controlling decision from the Supreme Court of Pennsylvania on this question, but three decisions of Pennsylvania lower courts have addressed the issue. In *Jett v. Hill,* 10 D & C 3d 734 (Phila.Co.1978) a defendant in a personal injury action had two insurers. Each policy purported to be primary insurance, but each contained a clause making its coverage excess insurance in the event of other insurance. The court held that incompatible "excess" clauses would cancel each other and expose each insurer to primary liability. The same result has been reached in other Common Pleas Courts: *Continental Casualty Co. v. Aetna Casualty and Surety Co.,* 33 D & C 2d 293 (Allegheny Co.1963); *Harleysville Mutual v. U.S. Fidelity & Guaranty Co.,* 27 D & C 2d 544 (York Co.1961).

While the decisions of the Common Pleas Courts of this Commonwealth are not binding on this court, we find the rationale of these cases to be persuasive. Also, a United States District Court, interpreting Pennsylvania law, has adopted this position on the treatment of competing "excess" clauses. *Green v. Benson,* 271 F.Supp. 90 (E.D.Pa. 1967). This holding also finds support in the majority of other jurisdictions. *E.g. Weekes v. Atlantic National Insurance Co.,* 370 F.2d 264 (9th Cir.1966); *Motor Vehicle Casualty Co. v. Atlantic National Insurance Co.,* 374 F.2d 601 (5th Cir.1967); *Truck Insurance Exchange v. Torres,* 193 Cal.App.2d 483, 14 Cal.Rptr. 408 (1961); *see also,* 44 Am.Jr.2d *Insurance* § 1793; 69 A.L.R.2d 1122, and cases collected therein. This principle has also been applied to apportion the costs of defense among insurers with competing "excess" causes. *Travelers' Insurance Co. v. Transport Indemnity Co.,* 6 Cal.3d 514, 99 Cal.Rptr. 627, 492 P.2d 683 (1972).

In the instant case, both Pacific and Liberty Mutual would be primarily liable for the entire cost of Grant's defense were it not for the existence of the other. The

competing "excess" clauses therefor cancel and the two insurers will share pro rata the costs of Grant's defense. Further, the loss is to be shared equally among the two insurers without regard to the proportionate limits of the policies. *Jett v. Hill,* supra; *Green v. Benson,* supra.

Accordingly, for the reasons stated above, summary judgment for Pacific on its non-liability for the verdict is granted and Pacific is denied summary judgment on the costs of defense.