**LIBERTY MUTUAL INSURANCE COMPANY**

v.

**PACIFIC INDEMNITY COMPANY and American Home Assurance Company.**

**Civ. A. No. 75–122 Erie.**

United States District Court,
W.D. Pennsylvania.

Jan. 25, 1984.

James T. Marnen, Erie, Pa., for Liberty Mut. Ins. Co.

John G. Gent, Erie, Pa., for Pacific Indem. Co.

Byron A. Baur, Erie, Pa., for American Home Assur. Co.

## OPINION

WEBER, District Judge.

This opinion represents our latest effort to resolve the various issues in this declaratory judgment action. The dispute is over the obligations of the various parties under insurance policies issued by them and covering the W.T. Grant Company. The insured is a defendant in a large personal injury suit in the state court, which recently culminated in a large verdict for the plaintiff there.

We are now confronted with cross-motions for summary judgment by the plaintiff Liberty Mutual and defendant American Home. The parties have briefed the issues, and because we find no genuine issue of material fact, this matter is appropriate for disposition under Fed.R.Civ.P. 56. We will also address defendant Pacific's motion for reconsideration of our previous opinion and order on the apportionment of defense costs between Pacific and Liberty Mutual.

### I. FACTS

A brief review of the facts and the parties is in order. A more detailed discussion of the facts may be found in our previous opinion at 557 F.Supp. 986 (W.D.Pa.1983).

Plaintiff Liberty Mutual issued Blanket Public Liability Policy No. R61–621–004235–061 to W.T. Grant. This policy provides primary insurance with a limitation of $100,000. Liberty Mutual also issued Umbrella Excess Liability Policy No. LE 2–621–004236–120 to W.T. Grant. This excess coverage has a limitation of $10,000,000.

Defendant Pacific issued Comprehensive General Liability Policy No. LAC–202492 to American Cement Corporation with W.T. Grant as an additional insured. This primary liability policy has a limitation of $100,000 which has already been exhausted on other claims.

Defendant American Home issued Excess Third-Party Liability Policy No. CE 35–07–98 to American Cement with W.T. Grant as an additional insured. This excess liability policy has a limitation of $5,000,000.

In our previous opinion we concluded that Pacific's policy and Liberty Mutual's primary liability policy would stand on equal footing. We also concluded that while Pacific's liability limitation had been exhausted, it was still liable under the policy for defense costs, to be borne on an

equal basis with *Liberty Mutual*. We did not at that time address any aspect of the American Home policy because it was not before us on Pacific's motion for summary judgment.

## II. ANALYSIS

■ We must now resolve the relation of the excess policies of Liberty Mutual and American Home, both as to liability and defense costs. Each party contends that the other's policy is primary.

We look first to the American Home policy which sets forth liability limitations in Endorsement 2:

It is understood and agreed that the limits of liability afforded hereunder shall be the difference between $5,000,000 Combined Single Limit Bodily Injury and Property Damage Liability (including Automobile), Protection, Indemnity and the Limits of Primary Liability shown below . . . .

This clause is followed by a listing of primary insurance maintained by the insured, including the Pacific policy involved in this suit. Additional primary insurance is identified in Endorsements 5, 9 and 10. The Liberty Mutual "excess" policy is not named in these listings.

Liberty Mutual contends that the plain implication of the above-quoted endorsement is that American Home intended that its policy be excess insurance *only* as to those listed primary policies. It is argued that because Liberty Mutual's excess policy is not listed as primary insurance in the endorsements, and because Liberty Mutual's policy purports to be excess as to *all* other insurance, American Home's policy must be exhausted before Liberty Mutual's policy is reached.

There are however other applicable provisions in the American Home policy. Condition 1 of the policy incorporates by reference the provisions of the underlying primary policies:

1. It is agreed that this policy, except as herein stated, is subject to all conditions, agreements and limitations of and shall follow the Primary Insur-

ance in all respects, including changes by endorsement. . . .

The applicable policy for our purpose is the primary policy for General Liability, identified in Endorsement 2 as the Pacific policy which is in issue here. This policy contains an excess clause which reads in pertinent part:

G. *Other Insurance—*

(1) If there be any other insurance against a claim or loss covered by this policy, the insurance under this policy shall be deemed excess insurance over and above and not contributing with such other insurance...

This clause is included in the American Home policy by virtue of the language in Condition 1, quoted above, provided no contrary language appears in the American Home policy.

The only language in the American Home policy on the topic of other insurance is the above-quoted Endorsement 2. That provision is not inconsistent with the excess clause of the Pacific policy which is adopted by reference. While the endorsement identifies specific primary policies and employs them to compute the limits of American Home's liability, it does not by its terms preclude an excess clause with reference to other, unidentified insurance. By the plain, unambiguous language of the American Home policy, such a clause is adopted by reference, and no contrary language in the American Home policy precludes it. The American Home policy therefore contains a clause purporting to make its liability excess as to all other insurance.

■ Liberty Mutual asserts that its policy also contains an excess clause. American Home however argues that the language in question actually constitutes an escape clause and, because such a clause is held in disfavor by the courts, the Liberty Mutual policy must be ranked ahead of American Home's policy in priority of liability. We conclude that the unambiguous language of the Liberty Mutual policy con-

stitutes an excess clause, not an escape clause.

The Liberty Mutual policy provides in Section I, Coverage—Excess Liability, that the company will pay "all sums in excess of the *retained limit.*" (emphasis in original). In Section 5, Definitions, "Retained Limit" is defined:

> *"Retained Limit"* means as to each occurrence with respect to which insurance is afforded under this policy:
>
> (1) If an *underlying policy* is also applicable ...; the relevant ... limit of liability stated therein ... plus all amounts payable under other insurance if any;
>
> (2) If any *underlying policy* is inapplicable ...; all amounts payable under other insurance if any, or
>
> (3) If neither paragraphs (1) or (2) above apply and
>
>> (a) The *insured* has other insurance: All amounts payable under such other insurance, ...
>>
>> (b) ...
>
> (emphasis in original).

Underlying policy is defined as one listed in the declarations attached to the policy. "Other insurance" is further defined in the policy:

> For the purpose of determining the *retained limit,* "other insurance" means any other valid and collectible insurance ... which is available to the *insured,* or would be available to the *insured* in the absence of this policy, it being the intention that this policy shall not apply under or contribute with such other insurance unless the company's agreement thereto is endorsed hereon. (emphasis in original)

It is the last clause which American Home contends constitutes an escape provision in the policy. We disagree.

American Home relies on *Insurance Company of North America v. Continental Casualty Co.,* 575 F.2d 1070 (3d Cir. 1978). The Court there considered a policy containing both "excess" language and "escape" language and gave effect to the escape clause. The escape clause language in that policy was unequivocal:

> With respect to loss and ultimate net loss covered hereunder, the insured has other insurance, whether on a primary, excess or contingent basis, there shall be *no insurance afforded* hereunder as respects loss and ultimate net loss. (emphasis added).

Here the so-called "escape" clause in the Liberty Mutual policy is entirely consistent with the excess clauses which precede it in the same section. The purpose and intent of an excess clause is that the policy "not apply under or contribute with such other insurance" unless otherwise agreed upon, but only be payable *after* exhaustion of all other insurance. There is no statement or implication in the Liberty Mutual policy that it is not payable in the event of other insurance. Rather the policy language is clear and unequivocal that the coverage shall apply and be payable as excess to all other insurance.

■ Consequently we are again presented with competing excess clauses. *See, Liberty Mutual,* 557 F.Supp. 986. Where such clauses conflict, neither is given effect and the two insurers stand on equal ground. E.g. *Weekes v. Atlantic National Insurance Co.,* 370 F.2d 264 (9th Cir.1966); *Green v. Benson,* 271 F.Supp. 90 (E.D.Pa. 1967); *Jett v. Hill,* 10 D. & C.3d 734 (Phil. Co.1978).

■ We must then determine how liability is to be apportioned between these two policies. Although both stand on equal basis for liability, Liberty Mutual's policy limitation is $10,000,000 while American Home's limitation is $5,000,000. Liberty Mutual has undertaken the higher risk and presumably has received commensurate premiums. For this reason the rule in this Circuit and in the majority of jurisdictions is that each insurer's liability is to be prorated according to the limit of its policy. *Transport Indemnity Co. v. Home Indemnity Co.,* 535 F.2d 232 (3d Cir.1976); *Insurance Co. of North America v. Continental Casualty Co.,* 431 F.Supp. 316 (E.D.Pa. 1977), rev'd on other grounds, 575 F.2d 1070 (3d Cir.1978); *Horace Mann Insur-*

*ance Co. v. CNA Insurance Co.,* 23 D. & C.3d 433 (Somerset 1982); see also, 69 A.L. R.2d 1122. We believe this to be the better rule and apply it here.

In the previous opinion, 557 F.Supp. 986, we established by summary judgment that the primary policies of Liberty Mutual and Pacific would stand on equal footing for liability on the verdict. Those policies are admittedly primary and must be exhausted before the excess policies are reached. The excess insurers Liberty Mutual and American Home will contribute pro rata according to the limits of their policies for any amount in excess of the primary policies.

■ We now address defense costs. Plaintiff's complaint seeks contribution by American Home for costs of defense. American Home's policy places no obligation on the insurer to defend, but clearly leaves the decision entirely in the hands of the insurer. Plaintiff admits as much in its brief on the subject and there are no disputed issues of fact. American Home has chosen not to contribute to the costs of W.T. Grant's defense. Summary judgment will therefore be entered in favor of defendant American Home on plaintiff's claim for contribution for costs of defense.

Plaintiff also raises the matter of common law indemnity as respects the costs of defense. We understand that this issue is pending before the state trial court. We believe that is the proper forum for resolution of the common law indemnity issue, and we will therefore defer to the state court.

■ We previously addressed the issue of the apportionment of defense costs between Liberty Mutual and Pacific. 557 F.Supp. 986. We concluded that under the primary policies of Liberty Mutual and Pacific those insurers each had an obligation to assume defense costs and that Pacific's obligation survived the exhaustion of its policy limits. We then stated that Liberty Mutual and Pacific were to share equally the costs of the defense.

Pacific has petitioned for reargument on the issue of the apportionment of defense costs between Pacific and Liberty Mutual, and we have received additional briefs from both parties. Pacific seeks apportionment of defense costs on a pro-rata basis in proportion with policy limits, Pacific's liability limitation being $100,000 and Liberty Mutual's excess policy limitation being $10,000,000. Liberty Mutual of course seeks to preserve our earlier requirement of equal contribution of defense costs.

The parties have argued a conflicts of laws question and the law of both Pennsylvania and California on the apportionment of defense costs. However, we need not address any of those issues.

In our previous opinion and order we concluded that the *primary* policies of Liberty Mutual and Pacific stood on equal footing on defense costs. We did not address the impact of Liberty Mutual's excess policy on costs of defense.

Each of the primary policies contains a liability limitation of $100,000. Liberty Mutual's excess policy has a limitation of $10,000,000. Pacific seeks pro-ration of defense costs on the ratio of Liberty Mutual's excess policy to Pacific's primary policy, or 10 to 1.

Once again, however, the unambiguous language of the policy is determinative. Liberty Mutual's excess policy may not be included in any ratio for apportionment of defense costs because it simply does not obligate Liberty Mutual to pay defense costs in this situation.

> With respect to personal injury ... or damage covered under this policy (or which would be covered but for the insured's retention as stated in the declarations), *but not covered under any underlying policy or any other insurance,* the company will
>
> (1) defend any suit against the insured seeking damages on account thereof ... (emphasis added)

Here there is coverage for defense costs under both the Liberty Mutual and Pacific primary policies. By its plain language then, there is no obligation under the Liber-

ty Mutual excess policy for costs of defense.

Comparison of the defense obligations rests on the policies that create the obligations. Because Liberty Mutual's excess policy does not give rise to an obligation for defense costs, it cannot be used to apportion those costs. Therefore, because the primary policies of Liberty Mutual and Pacific create the defense obligation and have equal liability limitations, contribution to defense costs will continue on an equal basis.

### Conclusion

For the reasons stated above, we conclude that the excess policies of Liberty Mutual and American Home shall stand on an equal basis, and shall contribute to any portion of the loss remaining after exhaustion of the primary policies pro-rata according to the respective policy limits. We also conclude that there is no obligation to defend under either excess policy, and therefore the costs of defense will be shared equally by the primary insurers, Liberty Mutual and Pacific. An appropriate order will issue.